United States District Court
Southern District of Texas
**ENTERED**
September 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO GARZA, JR. <br> Plaintiff, <br> <br> v. <br> <br> EDINBURG CONSOLIDATED <br>    INDEPENDENT SCHOOL DISTRICT <br>      (ECISD), <br>        Defendant | § <br> § <br> § <br> §    MISC. ACTION NO. 7:20-mc-00987 <br> § <br> § <br> § <br> § <br> § |

## REPORT AND RECOMMENDATION

Plaintiff, Pedro Garza, Jr., who is proceeding pro se, is seeking to file a federal suit against Edinburg Consolidated School District (ECISD) for piracy (or theft) of intellectual property. On June 12, 2020, an Order was issued advising Plaintiff to pay the requisite filing fee or request to proceed *in forma pauperis*. Plaintiff was provided a deadline of July 13, 2020, to either pay or make such a request. (Dkt. No. 2.) As of the date of this Report and Recommendation, the Plaintiff has neither paid the filing fee nor requested to proceed *in forma pauperis*.

### I.

On June 11, 2020, Plaintiff filed a Complaint and Request for Injunction alleging that the Edinburg Consolidated Independent School District (ECISD), Defendant, pirated Plaintiff's intellectual property by utilizing a proposal that was crafted by Plaintiff. The alleged property theft occurred on October 16, 2015. Plaintiff seeks damages in the amount of "10% of saved expenses" from alleged utilization of Plaintiff's proposal at one school in the estimated amount of $87,500, and up to $175,000, for utilization of the proposal at two schools. (Dkt. No. 1 at 4-5.) Plaintiff does not set forth what type of injunctive relief is sought in regard to the underlying claim.

On June 12, 2020, an Order was issued requesting Plaintiff to pay the filing fee of $400 required to institute this action or proceed with a request to proceed *in forma pauperis*. Plaintiff was given 30 days, until July 13, 2020, to comply with said Order. (Dkt. No. 2.) Plaintiff has not complied with the Order or made any filings since the initial filing on June 11, 2020.

## II.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a civil action due to a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Further, while pro se litigants "are afforded some degree of leniency in certain areas, they are, nevertheless, still required to reasonably comply with court orders, rules and deadlines." *Belkafir v. U.S. Steel Oil Well Services, LLC*, 4:16-cv-00082, 2017 WL 1247924, *3 (S.D. Tex. April 5, 2017) (citing *Beard v. Experian Info. Sols. Inc.*, No. 06-10333, WL 178109, *2 (5th Cir. Jan. 19, 2007)).

The court's discretion is narrower when such a dismissal is with prejudice or, without prejudice, but the expiration of the limitations period effectively bars any further prosecution of the matter. *Brown v. Werner Holdings Co., Inc.*, 5:18-CV-00977-FB-RBF, 2019 WL 2515313, *2 (W.D. Tex. June 18, 2019) (citing *Brown v. King*, 250 F. App'x 28, 29 (5th Cir. 2007)). In such situations, a dismissal for failure to prosecute with prejudice will be upheld when "there is a clear record of delay," and "the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RIS-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "A

2

clear record of delay is found where there have been significant periods of total inactivity." *Id.* at 1191 n.5 (internal quotation marks and citation omitted).

Plaintiff is claiming a theft of intellectual property by the Defendant. The undersigned believes the statute of limitations for such a claim is three years. For example, this may be a claim that is appropriately considered under federal copyright law as "[f]ederal courts have exclusive original jurisdiction over claims of copyright infringement (*see* 28 U.S.C. § 1338(a)) and the Federal Copyright Statute (17 U.S.C. § 101, *et seq.*) 'completely preempts practically all state law causes of action falling within its scope.'" *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 583 (S.D. Tex. 2011) (quoting *Tavormina v. Evening Star Productions, Inc.*, 10 F.Supp.2d 729, 733 (S.D. Tex. 1998)). The statute of limitations is three years pursuant to 17 U.S.C. §507(b) and "that period begins when the plaintiff knew or had reason to know of the injury on which the claim is based." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F.Supp.2d 935, 950-51 (S.D. Tex. 2013) (citing *Jordan v. Sony BMG Music Entertainment, Inc.*, 354 F. App'x 942, 945 (5th Cir. 2009)). Alternatively, Plaintiff may have a claim under state law for misappropriation of trade secrets. *Ultraflo Corp.*, 926 F.Supp.2d at 948 (setting forth elements of trade secret misappropriation under Texas law). Setting aside the issue of whether or not the court has jurisdiction[1], the statutory limitations period is also three years. *Id.* at 948 (citing Tex. Civ. Prac. & Rem. Code § 16.010). In either scenario, it appears a dismissal, even without prejudice, will bar further prosecution.

---

[1] *See GlobeRanger Corporation v. Software AG United States of America*, 836 F.3d. 477, 483 (5th Cir. 2016) (noting that "different spheres of intellectual property can sometimes overlap" in reviewing whether or not plaintiff's trade secret misappropriation claim is preempted by federal copyright law).

### III.

Plaintiff has been provided 30 days to pay the filing fee or proceed *in forma pauperis* and has not replied to said Order. To dismiss at this point, even without prejudice, would effectively end any further prosecution as it appears that the limitations period pertaining to theft or inappropriate use of intellectual property is three years. If, as set forth in the complaint, the event took place in October 2015, five years have passed since the alleged theft or piracy. Since the filing in June 2020 there has been no further correspondence with the District Clerk's Office by the Plaintiff. There has not even been a request for additional time to comply with the Order to either pay or proceed *in forma pauperis*, let alone an inquiry on the status of the case. After waiting five years to file this claim, Plaintiff has now seemingly forgotten about its existence in federal court.

Therefore, the undersigned makes a formal finding that there is a clear record of delay and lesser sanctions would not prompt compliance with the current order to pay the filing fee or request to proceed *in forma pauperis*. Further, the undersigned finds that the appropriate sanction is dismissal without prejudice as Plaintiff appears to have let this lawsuit lapse for over 90 days.

### CONCLUSION

#### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's Complaint and Request for Injunction (Dkt. No. 1) be **DISMISSED** without prejudice for failure to prosecute.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff's last known address on file with the Clerk's Office by any receipted means.

**DONE** at McAllen, Texas, this 18th day of September, 2020.

Juan F. Alanis
United States Magistrate Judge